AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| RODNEL POLYDOR, LAVANCE PALMER, OTIS KEVIN CUNNINGHAM, DOMINGO ROMERO, and WANDERLEI MARTINS-CAMPOS, | ) ) ) ) | Case No.  16-8019-JMH |
| *Defendant(s)* | | |

FILED by _____ D.C.

JAN 2 6 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___January 22, 2016___ in the county of ___Palm Beach___ in the ___Southern___ District of ___Florida___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Attempted illegal re-entry after deportation. |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Brian J. Stafford, HSI S/A
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _1-26-16_

_____
*Judge's signature*

City and state:  ___West Palm Beach, FL___   James M. Hopkins, U.S. Magistrate Judge
*Printed name and title*

AFFIDAVIT

I, Brian J. Stafford, being duly sworn, depose and say:

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations (HSI). I have been a Special Agent with ICE since March 2007 and, as such, have participated in the investigation of criminal matters, including the apprehension of aliens unlawfully present in the United States. Prior to becoming a Special Agent with ICE, I attended and successfully completed the Criminal Investigator Training Program as well as the Special Agent training at the Federal Law Enforcement Training Center in Glynco, Georgia.

2. As a Special Agent with the United States Immigration and Customs Enforcement, Homeland Security Investigations, my duties and responsibilities include conducting criminal investigations of individuals and organizations who have violated federal laws, particularly those laws as found in Titles 8, 18, 19, and 21 of the United States Code. I have conducted investigations involving human smuggling and their related criminal activity. These investigations have focused on international organizations who organize transportation of persons seeking to enter the United States illegally. Through investigations and training, I am familiar with the methods and schemes employed by individuals to smuggle persons into the United States, and affiant is familiar with and has utilized a wide variety of investigative techniques.

3. The statements contained in this affidavit are based on my personal experience and observations as well as the experiences and observations of fellow law enforcement officers as they have been described to me. Because this affidavit is being submitted for the limited

purpose of establishing probable cause to charge, it does not contain all of the details about this investigation of which I am aware.

4. On January 22, 2016, at approximately 2:26 a.m., a Border Patrol Agent and the Palm Beach County Sheriff's Marine Enforcement Unit (MEU) were on routine patrol when they observed an approximately 40 foot vessel with a cabin, bearing Bahamas Registration number NP011160, and the name "Hip-Nautic". The vessel was observed entering the Palm Beach Inlet, where it ran aground near Peanut Island, Palm Beach County, Southern District of Florida. Three black males were observed on deck of the vessel. After the vessel was freed from ground, the MEU initiated a stop to conduct a documentation records check, at which time eight other individuals were seen in the cabin area. The Border Patrol agent on board the MEU vessel proceeded to determine alienage of all occupants and discovered that none of the eleven passengers had documentation to enter the United States. The United Stated Coast Guard responded to assist and took custody of the passengers to await further identification via biometrics and systems checks.

5. The individual identified as Rodnel POLYDOR a.k.a. Rondel POLYDOR was observed at the helm of the vessel at the time of the stop. Systems checks revealed that POLYDOR is a citizen and national of the Bahamas. Agents determined that POLYDOR was arrested and charged with attempted first degree murder on October 5, 2001, and found guilty on August 6, 2004. POLYDOR was issued alien file number A077843369 and was ordered removed from the United States by an immigration judge on December 13, 2004. POLYDOR was removed to the Bahamas on September 15, 2005. By POLYDOR's own admission in a post-*Miranda* interview, he was attempting to re-enter the United States, acknowledged that he had previously been removed from the United States, and did not receive permission to re-enter

the United States, as required by law. In addition, passengers Yessica Angelina SALGUEROS-MATAMOROS, Kary Suceli LOPEZ-BARILLAS, and Luciana DE SOUZA-OLIVEIRA each separately indicated that POLYDOR was ~~operating the vessel at times during the voyage from~~ involved in the smuggling venture from the Bahamas to the U.S. These statements are consistent with the observations of the agents, as detailed above.

6. The passenger identified as Lavance PALMER a.k.a. Sean GRANT a.k.a. Donavan MOORE a.k.a. Lavance MOORE a.k.a. Lauance Donald PALMER a.k.a. Lavance Donald PALMER a.k.a. Vance PALMER a.k.a. Shawn Blidge PIERRE a.k.a RASTA, was observed on the deck of the vessel at the time of the stop. Systems checks revealed that PALMER is a citizen and national of the Bahamas. PALMER appears to have been arrested several times, and has convictions for battery and fleeing and eluding law enforcement. PALMER was issued alien file number A097393763 and was removed from the United States on multiple occasions, the last being on January 11, 2013. PALMER admitted in a post-*Miranda* interview that he had been to the United States on several occasions, and removed by the government. PALMER choose not to answer as to if he knew he was allowed to re-enter the United States. In addition, passengers Yessica Angelina SALGUEROS-MATAMOROS, Kary Suceli LOPEZ-BARILLAS, and Luciana DE SOUZA-OLIVEIRA each separately indicated that PALMER was operating the vessel at times during the voyage from the Bahamas to the U.S. Yessica Angelina SALGUEROS-MATAMOROS, Kary Suceli LOPEZ-BARILLAS indicated that they paid PALMER in order to transport them from the Bahamas to the United States.

7. The passenger identified as Otis Kevin CUNNINGHAM a.k.a. Marlon CUNNINGHAM was found in the cabin on the vessel at time of the stop. Systems checks revealed that CUNNINGHAM is a citizen and national of Jamaica. CUNNINGHAM appears to

have been arrested several times, and has a conviction for conspiracy to distribute marijuana, for which he received 57 months imprisonment, followed by 3 years of supervised release. CUNNINGHAM was issued alien file number A205714814 and ordered removed on May 7, 2014. He was physically removed from the United States on June 26, 2014. In a post-*Miranda* interview, CUNNINGHAM admitted he knew it was illegal for him to come to the United States, and he did not have proper documentation to do so.

8. The passenger identified as Domingo ROMERO a.k.a. Julian CASADA a.k.a. Confesor MARTINEZ a.k.a. Julian Quezado a.k.a. Domingo ROMERO-GARCIA was found in the cabin of the vessel at the time of the stop. Systems checks reveal ROMERO is a citizen and national of Dominican Republic. ROMERO was charged with possession of a controlled substance on January 27, 1994, and found guilty on May 29, 2001. ROMERO was issued alien file number A044177055 and was ordered removed on December 15, 2004. He was physically removed from the United States on January 20, 2005. In a post-*Miranda* interview, ROMERO admitted he knew he was not allowed to re-enter the United States without permission.

9. The passenger identified as Wanderlei Martin-CAMPOS a.k.a. Wanderlei Martinez CAMPOS a.k.a. Wanderlei Campos MARTINS a.k.a. Luiz MOREIRA was found in the cabin on the vessel at the time of the stop. Systems check revealed that CAMPOS is a citizen and national of Brazil. CAMPOS appears to have been arrested on February 22, 2006 for counterfeiting, for which he was sentenced to 10 months imprisonment. CAMPOS was issued alien file number A098596123 and ordered removed on March 10, 2005. He was physically removed from the United States on February 15, 2007. In a post-*Miranda* interview, CAMPOS admitted he knew he was not allowed to re-enter the United States without permission.

10. I performed a records check in the Computer Linked Application Informational Management System (CLAIMS) to determine if Rondel POLYDOR, Lavance PALMER, Otis CUNNINGHAM, Domingo ROMERO, and Wanderlei Martins-CAMPOS filed an application for permission to reapply for admission into the United States after deportation or removal. After a search was performed in that database system, no record was found to exist indicating that Rondel POLYDOR, Lavance PALMER, Otis CUNNINGHAM, Domingo ROMERO, and Wanderlei Martins-CAMPOS obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

11. WHEREFORE, based on the foregoing, your affiant believes that there exists sufficient probable cause to believe that Rondel POLYDOR, Lavance PALMER, Otis CUNNINGHAM, Domingo ROMERO, and Wanderlei Martins-CAMPOS were found attempting to re-enter the United States without obtaining the permission of the Attorney General of the United States or his successor in violation of Title 8, United States Code, Section 1326(a). Your affiant further believes that there is sufficient probable cause to believe that Rondel POLYDOR and Lavance PALMER did commit the offense of alien smuggling, in violation of

Title 8, United States Code, Section 1324(a)(2)(B)(iii).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Brian J. Stafford, Special Agent
U.S. Department of Homeland Security
Immigration and Customs Enforcement
Homeland Security Investigations

SUBSCRIBED TO AND SWORN BEFORE ME
THIS 26 DAY OF JANUARY, 2016
AT WEST PALM BEACH, FLORIDA.

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-8019-JMH

UNITED STATES OF AMERICA

v.

RODNEL POLYDOR,
LAVANCE PALMER,
OTIS KEVIN CUNNINGHAM,
DOMINGO ROMERO, and
WANDERLEI MARTINS-CAMPOS,

        Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes   __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes   __X__ No

                                Respectfully submitted,

                                WIFREDO A. FERRER
                                UNITED STATES ATTORNEY

BY: _____
        RINKU TRIBUIANI
        ASSISTANT UNITED STATES ATTORNEY
        Florida Bar No. 0150990
        500 S. Australian Avenue, Suite 400
        West Palm Beach, FL 33401-6235
        Tel: (561) 820-8711
        Fax: (561) 820-8777
        Rinku.Tribuiani@usdoj.gov